**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SEAN M. RITCHIE,
       Appellant,

     v.

DEPARTMENT OF THE ARMY,
       Agency.

DOCKET NUMBER
PH-1221-22-0214-W-1

DATE: February 27, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Amanda Lynn Smith</u>, Esquire, Buffalo, New York, for the appellant.

<u>G. Houston Parrish</u>, Esquire, Fort Knox, Kentucky, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision's determination that the appellant did not nonfrivolously allege that he made protected disclosures, AFFIRM AS MODIFIED the initial decision's determination that the appellant did not

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

nonfrivolously allege that his grievance was a protected activity, AFFIRM the initial decision's determination that only some of the agency's actions constituted personnel actions as defined by 5 U.S.C. § 2302(a)(2), FIND that the appellant has made a nonfrivolous allegation that his disclosures were a contributing factor in certain personnel actions, VACATE the remainder of the initial decision, and REMAND the case for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2　　In March 2021, the agency appointed the appellant to a temporary position as a University of Rhode Island Army Reserve Officers' Training Corps (ROTC) Program Recruiting Operations Officer. Initial Appeal File (IAF), Tab 1 at 15, Tab 6 at 20. According to the appellant, in August 2021, he informed his supervisors that the agency had not entered four incoming cadets into the Cadet Command Information Management System (CCIMS) before they entered the ROTC program, as required. IAF, Tab 1 at 34-35, Tab 6 at 20. Then, in September and October 2021, the appellant alleges that he disclosed during "several staff meetings" that the agency was not completing required Academic Progress Reports (104Rs) on cadets each semester. IAF, Tab 1 at 35, Tab 6 at 21-22. The agency extended the appellant's appointment on September 30, 2021, and again on November 16, 2021. IAF, Tab 1 at 56. The appellant alleges that, in response to his disclosures, the agency assigned him with managing the CCIMS while at the same time denying him training on the system, and tasked him with completing all of the 104Rs in the battalion. IAF, Tab 6 at 12-13.

¶3　　On February 7, 2022, the appellant's first-level supervisor issued him a performance and conduct counseling memorandum, which contained a plan of action for his improvement in certain areas over the next 60 days. IAF, Tab 1 at 52-54. At 2:58 a.m. the next morning, the appellant emailed his second-level supervisor. IAF, Tab 6 at 30-31. He stated that "the situation at the University of

Rhode Island is heading in a direction that you need to know about," and indicated he was attaching the counseling memorandum and his "formal rebuttal." *Id.* at 31. He stated that he "would ultimately like to file a formal grievance." *Id.* His second-level supervisor responded by identifying a Human Resources Specialist with whom the appellant could file a grievance, and identifying another individual with whom the appellant could schedule an appointment to meet with the second-level supervisor. IAF, Tab 1 at 20, Tab 6 at 30. At 11:15 a.m., the appellant forwarded this email exchange and the attachments to the two individuals identified by his second-level supervisor. IAF, Tab 6 at 32. He again expressed his desire to file a formal grievance. *Id.*

¶4 At some point on February 8, 2022, the appellant's first level-supervisor notified the appellant of his termination, effective February 9, 2022, based on a determination that his "services are no longer needed" and his "continued employment does not promote the efficiency of the service." IAF, Tab 1 at 55, Tab 6 at 22. On February 10, 2022, the appellant filed a Formal Administrative Grievance alleging that the counseling memorandum and termination letter were taken in reprisal for his August and September disclosures. IAF, Tab 1 at 34-39.

¶5 The appellant filed a complaint with the Office of Special Counsel (OSC) alleging retaliation for protected disclosures and activity in the form of a hostile work environment, the counseling memorandum, and his ultimate termination. *Id.* at 59. OSC closed its investigation and informed the appellant of his appeal rights to the Board. *Id.* at 62-64. The appellant timely filed this appeal alleging that the agency retaliated against him for reporting the agency's failure to enter cadets into the CCIMS and timely update the 104Rs, and for his grievance. *Id.* at 7, 15-18. The administrative judge issued a jurisdictional order in which he informed the appellant of his burden to establish Board jurisdiction over his IRA appeal. IAF, Tab 5. The appellant responded and the agency replied. IAF, Tabs 6-7.

¶6 Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1, 10. He found that the appellant exhausted his administrative remedies with OSC. ID at 6 n.3. However, he concluded that the appellant failed to nonfrivolously allege that he made a protected disclosure. ID at 8-10. As for the appellant's grievance, the administrative judge essentially found that the appellant failed to nonfrivolously allege that the activity was a contributing factor in the alleged personnel actions because the agency took the alleged retaliatory actions before the appellant filed the grievance. ID at 7-8.

¶7 The appellant has filed a petition for review of the initial decision, to which the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. On review, the appellant submits what he claims are U.S. Army Cadet Command (USACC) rules imposing on the agency an obligation to timely enter student information into CCIMS and complete 104Rs each semester. PFR File, Tab 1 at 5-6, 11-12, 18-19. He further states that he requested to file a formal grievance before he was terminated, but that the agency delayed in permitting him to file it until after his termination. *Id.* at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 To establish Board jurisdiction over an IRA appeal, an appellant must show that he exhausted his administrative remedies before OSC and make nonfrivolous allegations of the following: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221(a), (e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

<u>The appellant has nonfrivolously alleged on review that he made protected disclosures.</u>

¶9    The administrative judge concluded that the appellant failed to nonfrivolously allege that he reasonably believed he made a disclosure of a violation of law, rule, or regulation. ID at 8-10. He reasoned that the appellant did not identify any laws, rules, or regulations requiring entrance of student information into CCIMS or timely completion of 104Rs. ID at 8. At the jurisdictional stage, an appellant is not required to identify the particular statutory or regulatory provision that the agency allegedly violated when his statements and the circumstances of those statements clearly implicate an identifiable law, rule, or regulation. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 17 (2011). The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.* To the extent the administrative judge relied on the appellant's failure to identify any specific law, rule, or regulation in his jurisdictional findings, we are not persuaded that this basis alone was sufficient to dismiss the appellant's claim.

¶10    In any event, we need not determine whether the appellant's allegations below as to his disclosures were sufficient to establish jurisdiction. For the first time on review, the appellant has identified two agency pamphlets that he alleges the agency violated. PFR File, Tab 1 at 5-6, 11-12, 18-19. The Board generally will not consider evidence presented for the first time in a petition for review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not made such a showing here. However, the Board may consider evidence submitted for the first time on review if it

implicates the Board's jurisdiction and warrants an outcome different from that of the initial decision. *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013). Further, the pamphlets are publicly available. Department of the Army, USACC Pamphlet 145-4, Enrollment, Retention, and Disenrollment Criteria, Policy, and Procedures (Apr. 1, 2020) (USACC PAM 145-4), https://armyrotc.army.mil/wp-content/uploads/2023/02/145-4-Enrollment-Retention-Disenrollment-Criteria-Policy-Procedures.pdf (last visited Feb. 27, 2024); Department of the Army, USACC Pamphlet 145-10, Battalion Desk Reference (Feb. 12, 2019) (USACC PAM 145-10), https://armyrotc.army.mil/wp-content/uploads/2023/02/145-10-Battalion-Desk-Reference.pdf (last visited Feb. 27, 2024). In making its jurisdictional determinations, the Board may consider matters of public record such as these pamphlets. *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 n.5 (Fed. Cir. 2020) (citation omitted); 5 C.F.R. § 1201.64 (permitting the Board and administrative judges to take official notice of matters of common knowledge or that can be verified).

¶11 We need not decide here whether these pamphlets are, in fact, laws, rules, or regulations within the meaning of the whistleblower protection statutes. At the jurisdictional stage, an appellant need only make a nonfrivolous allegation that a person in his position could reasonably conclude that they were. *Mudd v. Department of Veterans Affair*s, 120 M.S.P.R. 365, ¶¶ 8-9 (2013). We agree with the appellant that USACC PAM 145-4 and USACC PAM 145-10 could appear to be agency rules to a reasonable person who, like the appellant, had no evident legal expertise and less than 1 year of employment with the agency. *See id.*, ¶ 9 (considering the fact that an appellant had no special expertise in legal matters or other experience in interpreting agency regulations in determining that she met her jurisdictional burden).

¶12 We turn next to the issue of whether the appellant could reasonably have believed that the agency violated the requirements of these pamphlets. As to the appellant's disclosure that the agency was not timely completing 104Rs, the

appellant argues that such a requirement should be inferred from a statement in USACC PAM 145-10 that an inventory should be conducted twice a year to ensure that each cadet has a "[s]igned 104R" on file. PFR File, Tab 1 at 12. We are not persuaded by this argument. The statement does not reflect a particular timeline for completing the forms. *Id.* However, we find that the appellant has nonfrivolously alleged that the failure to complete the 104Rs each semester violated the USACC PAM 145-4 requirement that the agency "review the worksheet [104R] with the Cadet each school term" and that "[a]ll items of the worksheet must be completed." PFR File, Tab 1 at 5, 11; IAF, Tab 6 at 11.

¶13 In his disclosure concerning the CCIMS, the appellant asserted that the agency failed to properly enter students into the CCIMS before they participated in ROTC activities. IAF, Tab 6 at 11. The appellant alleges on review that USACC PAM 145-4 requires that the agency "ensure" that students meet all eligibility criteria and complete and sign the 139R form in order to enroll in the ROTC. PFR File, Tab 1 at 6, 18-19. He also points to the statement in the USACC PAM 145-10 that a cadet's file includes a "[s]igned 139R." *Id.* at 6-7, 12. We have examined the USACC Form 139-R, Cadet Application and Enrollment Record, USACC-Form-139-R-Cadet-Application-and-Enrollment-Record-OCTOBER-2023.pdf (army.mil) (last visited Feb. 27, 2024). The stated purposes of the form include "determin[ing] [a cadet's] eligibility for enrollment" in the ROTC, creating a record of his enrollment, and "record[ing] necessary information for entering a [c]adet in the [CCIMS] database." *Id.*

¶14 Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 6. We conclude that the appellant has nonfrivolously alleged that a reasonable person in his position could believe, based on the USACC PAM 145-4 and USACC PAM 145-10, that the agency was required to enter a cadet's information in the CCIMS before he participated in ROTC activities, but failed to do so.

Accordingly, we find that the appellant met his jurisdictional burden as to his 104R and CCIMS disclosures.[2]

<u>We agree with the administrative judge that the appellant failed to nonfrivolously allege that his February 8, 2022 grievance was a protected activity, but clarify the basis for this finding.</u>

¶15    On the morning of February 8, 2022, the appellant emailed his second-level supervisor stating his intent to file a grievance.[3]    IAF, Tab 1 at 19-20, Tab 6 at 30-31; PFR File, Tab 1 at 4-5.   The administrative judge found that the appellant's email did not constitute protected activity because the appellant had not yet exercised his right to file a grievance.  ID at 8 n.5.  We agree that the appellant failed to nonfrivolously allege that his February 8, 2022 email was protected, but clarify the basis for this finding.

¶16    To the extent that the administrative judge found that the appellant did not actually exercise a grievance right, we disagree.  ID at 8 n.5.  An initial step toward taking legal action against the agency for a perceived violation of employment rights constitutes a protected activity under 5 U.S.C. § 2302(b)(9) (A).  *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶¶ 17-19 (2016).  As outlined in the Department of Defense Instruction 1400.25, volume 771, the agency's Civilian Administrative Grievance System (June 13, 2018), https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/140025/ 140025_vol771.pdf?ver=2018-06-13-074123-163 (last visited Feb. 27, 2024), an employee may "informally present a work-related problem to his or her immediate supervisor [and then to his second-level supervisor] before filing a formal grievance."  IAF, Tab 1 at 34; *see also Carney v. Department of Veterans*

---

[2] Because we find that the appellant nonfrivolously alleged that he reasonably believed the agency violated a law, rule, or regulation as to his disclosures, we need not determine if the appellant also met his burden as to any other alleged category of wrongdoing, such as gross mismanagement, under 5 U.S.C. § 2302(b)(8).

[3] The appellant also sent a similar email later the same morning to a Human Resource Specialist and another agency employee containing the same information.  IAF, Tab 6 at 32-33.  The following analysis also applies to this email.

*Affairs*, 121 M.S.P.R. 446, ¶¶ 5-6 (2014) (concluding that participating in an informal grievance meeting is the exercise of a grievance right under 5 U.S.C. § 2302(b)(9)(A)). We find that the appellant's email to his second-level supervisor was an initial step toward taking legal action based on an alleged violation of his employment rights.[4]

¶17    Nonetheless, we agree with the administrative judge's conclusion that the email is not protected. The Board has jurisdiction over a claim of reprisal for an employee "exercis[ing] . . . any . . . grievance right" on his own behalf only if he is seeking to remedy whistleblower reprisal. *McCray v. Department of the Army*, 2023 MSPB 10, ¶ 12 (quoting 5 U.S.C. § 2302(b)(9)(A)); *Mudd*, 120 M.S.P.R. 365, ¶ 7 (same). Vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd per curiam*, 663 F. App'x 921 (Fed. Cir. 2016). The only substantive allegation the appellant made in his email is his vague statement that "the situation at the University of Rhode Island" was not "heading in the right direction." IAF, Tab 6 at 30-31. Further, although he indicated in the email that he was attaching a "rebuttal" to the February 7, 2022 letter of counseling, neither the attachment nor a description of the contents of the attachment is in the record.

¶18    The appellant asserts on review that he intended his rebuttal to document his prior disclosures to his first-level supervisor and "to bring light to the

_____

[4] Alternatively, the appellant has nonfrivolously alleged that his second-level supervisor perceived him to be invoking his grievance rights. Even if an appellant does not allege that he engaged in a protected activity, he may establish jurisdiction in an IRA appeal by making a nonfrivolous allegation that the agency perceived him to have done so. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 12 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. Here, the appellant's second-level supervisor responded to the appellant's email stating that he wished to file a formal grievance by directing the appellant to the person with whom he could file such a grievance. IAF, Tab 6 at 30. At the jurisdictional stage, this response is sufficient to suggest his second-level supervisor understood the appellant was invoking his grievance rights.

collective issues" that led to his counseling. PFR File, Tab 1 at 5. However, he does not identify those disclosures or issues in the email itself or claim they were stated in the attached rebuttal. *Id.* Without more, we cannot conclude that the appellant's February 8, 2022 email was itself a protected disclosure or that it was protected activity within which he alleged reprisal for whistleblowing.

<u>The administrative judge correctly found that only some of the alleged agency actions constituted personnel actions as defined by 5 U.S.C. § 2302(a)(2).</u>

¶19     The administrative judge found that the counseling memorandum and notice of termination clearly met the definition of "personnel action" in 5 U.S.C. § 2302(a)(2)(A), but that the appellant did not make a nonfrivolous allegation that the agency's decisions to assign him to manage the CCIMS and complete the 104Rs constituted a significant change in his duties, responsibilities, or working conditions under 5 U.S.C. § 2302(a)(2)(A(xii). ID at 10 n.7. The parties do not dispute these findings on review, and we decline to disturb them.

<u>The appellant nonfrivolously alleged that his whistleblower disclosures were a contributing factor in the alleged personnel actions.</u>

¶20     To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure was one factor that tended to affect the personnel action in any way. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*, ¶ 15.

¶21     The administrative judge did not make a finding as to contributing factor concerning the appellant's disclosures. The appellant alleged that he made his disclosures to several of his coworkers and supervisors, including his first-level supervisor, who issued the counseling memorandum and termination notice. IAF,

Tab 6 at 10-13. The appellant also alleged that the agency issued the memorandum of counseling and terminated him from his position between 2 and 6 months after his first disclosure. IAF, Tab 1 at 52-55, Tab 6 at 10-13. The Board has held that the timing prong of the knowledge/timing test is satisfied when a personnel action has occurred within 1 to 2 years of the protected disclosure or activity. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 63. Accordingly, the appellant has nonfrivolously alleged both prongs of the knowledge/timing test as to these personnel actions.[5]

## ORDER

¶22     For the reasons discussed above, we remand this case for further adjudication in accordance with this Remand Order.

Gina K. Grippando

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.

_____

[5] The appellant alleges on review that an agency employee mishandled cadet scholarships. PFR File, Tab 1 at 7. He did not identify this alleged disclosure in his response to the administrative judge's jurisdictional order. IAF, Tab 6 at 10-12. To the extent that he is making this disclosure for the first time to the Board, he has made his disclosure after the alleged personnel action at issue, and therefore it cannot be considered a contributing factor in that personnel action. *Sherman*, 122 M.S.P.R. 644, ¶ 8 (2015). If the appellant is alleging that he made this disclosure to the agency prior to its actions against him, he may raise it on remand to the administrative judge, consistent with the administrative judge's orders. *See Moncada v. Executive Office of the President, Office of Administration*, 2022 MSPB 25, ¶ 12 (stating that the issue of jurisdiction is always before the Board, and may be raised at any time during a Board proceeding). If the appellant does so, he must still establish jurisdiction over the disclosure, including proving that he exhausted it with OSC.